# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERICO ROSAS, | Case No. 1:14-cv-00611 DLB |
| Plaintiff, | ORDER DENYING PLAINTIF'S REQUESTS FOR INJUNCTIVE RELIEF |
| v. | |
| D, DAVEY, et al., | (Documents 7 and 11) |
| Defendants. | |

Plaintiff Federico Rosas ("Plaintiff") is a California state prison inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 24, 2014.[1]

By separate order, the Court dismissed his complaint with leave to amend. Plaintiff has not yet filed an amended complaint, though the time for filing an amended complaint has not yet passed.

On May 27, 2014, and June 18, 2014, Plaintiff filed motions for injunctive relief. He requests various forms of relief, including an order (1) prohibiting Defendants from transferring him to any 180 degree prison, especially Kern Valley State Prison; (2) preventing Defendants from confiscating his property and legal property; (3) preventing Defendants from harassing him; (4) prohibiting Defendants from changing Plaintiff's C-file; and (5) prohibiting Defendants from "instigating more discipline" against him.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on May 9, 2014.

**DISCUSSION**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted) (emphasis added).

Plaintiff's complaint has been dismissed with leave to amend. Until Plaintiff files an amended complaint and the Court is able to determine which claims are cognizable and appropriately raised in this action, the Court lacks jurisdiction to issue any preliminary injunctions. 18 U.S.C. § 3626(a)(1)(A); Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).

Additionally, some of the orders sought by Plaintiff cannot be issued even assuming Plaintiff is able to amend to state one or more cognizable claims. For example, the Court cannot interfere with Plaintiff's housing decisions, and he has no a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. Meachum v. Fano, 427 U.S. 215, 224-25, 96 S.Ct. 2532 (1976). Nor will the Court intervene in the day-to-day management of prisons. See e.g., Overton v. Bazzetta, 539 U.S. 126, 132, 123 S.Ct. 2162 ( 2003) (prison officials entitled to substantial deference); Sandin v. Conner, 515 U.S. 472, 482-83, 115 S.Ct. 2293 (1995) (disapproving the involvement of federal courts in the day-to-day-management of prisons).

Finally, Plaintiff's requests are based mainly on insufficient speculation. Plaintiff must establish that he has standing to seek preliminary injunctive relief. Summers, 555 U.S. at 493; Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). Plaintiff "must show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged

conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." <u>Summers</u>, 555 U.S. at 493 (citation omitted); <u>Mayfield</u>, 599 F.3d at 969.

## **ORDER**

Based on the above, Plaintiff's motions for injunctive relief are DENIED.

IT IS SO ORDERED.

Dated:   **July 3, 2014**                               /s/ Dennis L. Beck
                                                       UNITED STATES MAGISTRATE JUDGE