# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERICO ROSAS, | Case No. 1:14-cv-00611 DLB |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| D, DAVEY, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

Plaintiff Federico Rosas ("Plaintiff") is a California state prison inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 24, 2014. He names twenty-five Defendants who are employed at two different institutions.[1]

**A.   SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on May 9, 2014.

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    FACTUAL ALLEGATIONS**

Plaintiff is currently incarcerated in the Security Housing Unit ("SHU") at the California Correctional Institution ("CCI") in Tehachapi, California. The events at issue occurred at both CCI and Kern Valley State Prison ("KVSP").

Although Plaintiff names twenty-five Defendants, his factual allegations are sparse. He alleges that on July 6, 2013, while incarcerated at KVSP, he and his cellmate were involved in a

2

1  physical fight.  A weapon was found in the cell, located between Plaintiff's paperwork.  However,
2  the "write-up" falsely stated that the weapon was found in plain view on a top storage shelf.
3    Plaintiff alleges that he told Defendant Waddle that numerous inmates knew about his
4  PC 288 charge and she told him that she didn't care and that Plaintiff was going back to that yard.
5  Plaintiff told Defendant Waddle that he had fought with his cellmate, but instead of talking to
6  Plaintiff, Defendant Waddle went to talk to the cell mate.  Plaintiff was placed in ASU after his
7  cell mate told Defendant Waddle that he had a weapon between his paperwork.  Defendant
8  Waddle failed to sign her name on the lock-up order and someone else forged her signature.
9    Defendant Becera asked Plaintiff if he was on a hunger strike and Plaintiff said no.  A few
10 days later, Plaintiff again refused to eat after Defendant Becera served food.  Defendant Becera
11 seemed to get offended and shouted an obscenity to Plaintiff.  Plaintiff kept his mouth shut, but he
12 felt irritated and like he wanted to "go[] physical" on Defendant Becera.
13   Defendant Claire also skipped Plaintiff's cell twice when providing meals.  When Plaintiff
14 asked where his food was, Defendant Claire "gave Plaintiff a shake to his elbows in a gesture as I
15 don't care."
16   Defendant Blake slammed his fists at Plaintiff's window and yelled in a loud voice.  His
17 face was menacing and made Plaintiff feel uncomfortable and "into going physical" on Defendant
18 Blake.  Defendant Blake was supposed to pack Plaintiff's property for transfer on November 24,
19 2013, from KVSP to CCI.  Plaintiff refused to pack his property because his SHU assessment was
20 inappropriate, his name was incorrect on the transfer roster, his request to speak to the Sergeant
21 was denied and when the officer came with a box, the box was already full.
22   The remainder of Plaintiff's complaint is a list of Defendants and a few sentences about the
23 alleged violation.  The Court will summarize his allegations.
24   Defendant Davey (KVSP Warden)- made Plaintiff feel unsafe during committee, failed to
25 inspect Plaintiff's C-file for enemies and stated that he was going to give Plaintiff a cell mate.
26   Defendants Goss, Sandoval, Gricewich and Swaim (KVSP)- also present at committee,
27 failed to inspect "128-G's" information, and failed to report misconduct by other Defendants.
28

3

Defendant Hancock (KVSP)- present at committee, read 128-Gs and failed to correct them, failed to correct misconduct by staff and failed to prevent Plaintiff's transfer.

Defendant Waddle (KVSP Lieutenant)- failed to intervene to prevent harm, failed to inspect 115 write-ups for information, failed to inspect lock-up order for her signature.

Defendant Nuckles (KVSP)- did not meet with Plaintiff prior to his committee hearing and was not present as stated at the bottom of the 128-G.

Defendant Claire (KVSP)- did not feed Plaintiff "breakfast and lunch in a bag once, and lunch in a bag two times," and did not pick up Plaintiff's mail on numerous occasions.

Defendant Jackson (KVSP)- did not pick up Plaintiff's mail on numerous occasions when it was in plain view and did not deliver a CDCR 22 form.

Defendant Becera (KVSP)- verbally harassed Plaintiff to try and instigate a physical fight or verbal response, after Plaintiff refused to eat on two occasions.

Defendant Blake (KVSP)- once at breakfast time, slammed his fists into Plaintiff's window to scare him into not eating.

Defendant Monsenares (KVSP)- gave Plaintiff his property four and a half months late, did not give Plaintiff his inventory sheet, told Plaintiff to stop asking for his property, making Plaintiff feel angry.

Defendant Romero (KVSP)- issued a false write-up stating that Plaintiff refused a cell mate.

Defendant Tallerico (KVSP)- did not answer his appeal and provided false information.

Defendant Holland (CCI)- informed of all staff misconduct but did not do anything to prevent it.

Defendant Matzen (CCI)- did not act when told that Plaintiff's paperwork was filled with errors.

Defendant Alomari (CCI)- failed to file an investigation of misconduct at KVSP after Plaintiff addressed serious allegations, and tampered with mail and appeals.

Defendant Jackson (CCI)- failed to file an investigation of staff misconduct, failed to order R&R to issue Plaintiff's property, denied his rights to appeal.

4

Defendant Bega (CCI)- made a verbal threat and failed to send Plaintiff back to KVSP or suspend his SHU term when the SHU term was inappropriate.

Defendant Lopez (CCI)- verbally threatened Plaintiff with cell searches.

Defendant Staton (CCI)- did not want to pick up Plaintiff's mail and made it hard for him to use the appeals process.

Defendant Yubeta (CCI)- told Plaintiff in an "aggressive way" to use the broken razor.

Defendant Woodman (CCI)- did not help when told that Defendant Yubeta gave him a broken razor, did not pass out supplies for three and one half weeks, and did not give Plaintiff 602 forms.

Defendant Zamora (Office of Appeals)- failed to remedy misconduct and denied Plaintiff forms and property.

C. **DISCUSSION**

    1.    Rule 8

As explained above, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Here, with the exception of Defendants Waddle, Claire, Becera and Blake, Plaintiff provides no factual context to support his allegations. Plaintiff simply alleges, without factual support, the remaining Defendants committed some type of wrongdoing. Plaintiff cannot state a claim by setting forth conclusory allegations. He must set forth sufficient facts to support his causes of action.

2.      Rules 18 and 20

Plaintiff, who is presently incarcerated at CCI, brings this suit against prison staff at KVSP and CCI for a myriad of alleged wrongs. Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

In his amended complaint, Plaintiff shall choose which claims he wishes to pursue in this action. If Plaintiff does not do so and his amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss the claims it finds to be improperly joined.

3.      Specific Legal Standards

As explained above, Plaintiff's complaint does not state any claims against any Defendants. The Court provides the following legal standards to assist Plaintiff in determining whether amendment is possible.

a.      *Eighth Amendment- Failure to Protect*

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth

Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

Plaintiff appears to allege that some Defendants placed him in potentially harmful situations, but his allegations are too vague to state a claim. For example, he alleges that certain Defendants failed to inspect his C-file for enemies, or failed to intervene in a yard transfer, but he does not allege that any Defendants knew of, and disregarded, a *substantial risk* of serious harm.

    b. *Eighth Amendment- Conditions of Confinement*

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's allegations that Defendants deprived him of food on a few occasions, gave him a broken razor, or did not pass out "supplies" for three weeks do not state a claim for violation of the Eighth Amendment. Plaintiff's allegations do not demonstrate deliberate indifference to a *substantial risk* of serious harm.

    c. *Eighth Amendment- Excessive Force*

For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although de minimis uses of force do not violate the Constitution, the malicious and sadistic

7

use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8, 130 S.Ct. at 1178 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

To the extent that Plaintiff believes that verbal threats and/or harassment violate the Constitution, he is incorrect. Verbal harassment or abuse alone is not sufficient to state a claim under section 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation, Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

          d.     *Due Process- Accurate Prison Records*

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. Id.

The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement and an independent right to an accurate prison record, grounded in the Due Process Clause, has not been recognized. Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987). Under state law, liberty interests created by prison regulations are limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life, and Plaintiff's allegations concerning the accuracy of his prison record do not support a claim for relief. Wilkinson, 545 U.S. at 221 (citing Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995)) (quotation marks omitted).

          e.     *Due Process- Segregation*

Although Plaintiff refers to an inappropriate SHU term, he also mentions placement in Ad-Seg. The Court will provide both standards.

          Administrative Segregation

With respect to placement in administrative segregation, due process requires only that prison officials hold an informal nonadversary hearing within a reasonable time after the prisoner

8

is segregated, inform the prisoner of the charges against him or the reasons for considering segregation, and allow the prisoner to present his views. Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986) (quotation marks omitted), abrogated in part on other grounds, Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293 (1995); accord Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003). Prisoners are not entitled to detailed written notice of charges, representation by counsel or counsel substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation. Toussaint, 801 F.2d at 1100-01 (quotation marks omitted). Further, due process does not require disclosure of the identity of any person providing information leading to the placement of a prisoner in administrative segregation. Id. (quotation marks omitted).

With respect to retention in administrative segregation, prison officials must engage in some sort of periodic review of the confinement of such inmates. Id.

Disciplinary Segregation

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).

In addition, "some evidence" must support the decision of the hearing officer, Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985), and the evidence must have

some indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached. . . ." Hill, 472 U.S. at 455-56 (emphasis added).

        f.      *Due Process- Property*

Plaintiff has a protected interest in his personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). Authorized, intentional deprivations of property are actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), but the Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted), cert. denied, 132 S.Ct. 1823 (2012).

Plaintiff's claims that his property was returned late do not state a claim for violation of due process.

        g.      *Inmate Appeals*

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Therefore, the existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Id.

        h.      *Mail*

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). Censorship of outgoing prisoner mail is justified if the following

criteria are met: (1) the regulation furthers "an important or substantial government interest unrelated to the suppression of expression" and (2) "the limitation on First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved." Procunier v. Martinez, 416 U.S. 396, 413 (1974) (overturned by Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989) only as test relates to incoming mail).

Plaintiff's allegations that some Defendants failed to pick up his legal mail on a few occasions does not state a claim under the First Amendment.

    i. *Prison Transfer*

Prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. Meachum v. Fano, 427 U.S. 215, 224-25, 96 S.Ct. 2532 (1976). However, prison officials may not "transfer an inmate to another prison in retaliation for the inmate's exercise of his First Amendment rights. . . ." Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). To establish a prima facie case, plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose. See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Pratt, 65 F.3d at 807. The injury asserted in retaliation cases is the retaliatory conduct's chilling effect on the plaintiff's First Amendment rights. See Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997); Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).

Therefore, to the extent that Plaintiff alleges that some Defendants failed to stop a prison transfer, he does not state a claim for relief.

**D.     CONCLUSION AND ORDER**

Plaintiff's complaint fails to state any claims for which relief may be granted.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **July 3, 2014**                    /s/ *Dennis L. Beck*
                                                       UNITED STATES MAGISTRATE JUDGE