# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERICO ROSAS, | Case No. 1:14-cv-00611 DLB |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT |
| v. | |
| D, DAVEY, et al., | (Document 18) |
| Defendants. | |

Plaintiff Federico Rosas ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 24, 2014. Pursuant to Court order, he filed his First Amended Complaint ("FAC") on August 11, 2014.[1]

On January 30, 2015, the Court dismissed the FAC without leave to amend and entered judgment.

On February 9, 2015, Plaintiff filed the instant motion to vacate the judgment pursuant to Federal Rule of Civil Procedure 59(e).

**DISCUSSION**

"A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence,

---
[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on May 9, 2014.

committed clear error, or if there is an intervening change in the controlling law.'" McDowell v. Calderon, 197 F.3d 1253, 1254 (9th Cir.1999) (internal citation omitted).

In this case, the Court screened Plaintiff's FAC and explained why his allegations were insufficient. As to his claim that he had been psychologically tormented, the Court explained that absent physical injury, a prisoner is barred from pursuing claims for mental and emotional injury. 42 U.S.C. § 1997e(e); Oliver v. Keller, 289 F.3d 623, 625-628 (9th Cir. 2002).

Plaintiff disagrees with the Court's finding, and first argues that the Court "softened" his claims "to the point of making it seem minimize[d] and in favor of the named defendants." EFC No. 18, at 1. While Plaintiff may perceive the Court's summary differently, the Court simply repeated Plaintiff's factual allegations and arguments.

Plaintiff also disagrees with the Court's holding that he could not pursue a claim for damages based on mental or emotional injury in the absence of a physical injury. He alleges that he suffered "serious and extensive mental pain lasting to the present." ECF No. 18, at 1. Again, however, where a section 1983 plaintiff seeks to recover damages for mental and emotional injuries, he cannot do so without at least a *de minimus* physical injury. Pierce v. County of Orange, 526 F.3d 1190, 1124 (9th Cir. 2008); Oliver, 289 F.3d at 628. If Plaintiff had stated other cognizable Constitutional claims that were not based on his psychological injuries, i.e., a denial of access to the courts, those claims would not have been barred. He did not do so, however.

Finally, Plaintiff suggests that intentional infliction of mental stress is actionable under California law. He is correct. However, absent a federal claim, the Court does not have supplemental jurisdiction over any state law claims. 28 U.S.C. § 1367(c)(3); Parra v. PacifiCare of Az., Inc., 715 F.3d 1146, 1156 (9th Cir. 2013); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

///
///
///
///
///

**ORDER**

For the above reasons, Plaintiff's motion for relief from judgment is DENIED.

IT IS SO ORDERED.

Dated: **February 22, 2015**          /s/ *Dennis L. Beck*
                                    UNITED STATES MAGISTRATE JUDGE